FORET, Judge.
Frederick Prejean, Jr.[1] and Richard Taylor, Jr.[2], plaintiffs and appellants herein, appeal from the trial court’s grant of summary judgment in favor of Aetna Casualty & Surety Company.
The trial court, in its written reasons for ruling, sets forth the relevant facts and its reasoning as follows:
“This dispute arises from a one-vehicle accident which occurred on or about July 29, 1988. The vehicle involved in the collision was a 1982 Chevrolet van owned and being driven by Brenda Harmon. Ms. Harmon owns two other vehicles — a 1986 Volvo and a 1987 Nissan. The Volvo is covered by a policy of insurance issued by Aetna. When Ms. Harmon purchased the van in May of 1988, she procured insurance coverage with American National Agents Insurance Company, not Aetna.
“Aetna has brought this motion alleging that it is entitled to judgment as a matter of law, as it did not provide coverage on the van involved in the accident.
“Aetna’s policy definition of ‘covered auto’ is as follows, in pertinent part:
1. Any vehicle shown in the Declarations.
2. Any of the following types of vehicles as of the date you become the owner so long as that date is within the policy period and you ask us to insure it within 30 days of that date:
a. a private passenger auto; and
*991 b. if not used in any occupation or business other than farming or ranching, a pickup, panel truck or van.
A vehicle acquired which is in addition to any shown in the Declarations will have the broadest coverage we now provide for any vehicle shown in the Declarations.
A vehicle replacing one shown in the Declarations will have the same coverage as the vehicle it replaced. You have to ask us to insure it within 30 days only if:
a. any Part D Damage To Your Auto coverage applied to the replaced vehicle; and
b. you wish Damage to Your Auto coverage to apply to the replacing vehicle.
“The Court finds that Ms. Harmon’s van was not a replacement vehicle for the Volvo as Ms. Harmon’s deposition testimony indicates that she continued to use the Volvo even after the van was purchased. Thus, Ms. Harmon and her family used the van in addition to, not in replacement of, the Volvo. There also is no dispute that neither Ms. Harmon nor anyone on her behalf asked Aetna to insure the van within thirty days of the purchase date, or at any time thereafter.”
Aetna submitted, in addition to the deposition of Brenda Harmon, the supporting affidavit of Mickey Delcambre, a senior claims representative of Aetna. Attached to Delcambre’s affidavit was Aetna’s automobile liability policy issued to Brenda Harmon, which issued coverage for a 1986 Volvo. Additionally, the Aetna policy clearly and specifically excludes coverage for any vehicles owned by Brenda D. Harmon, defendant herein, that are not listed on the policy. Delcambre attests to the fact that no vehicles other than the 1986 Volvo are listed on the policy. Delcambre also states that no Aetna policy was in effect covering the 1982 Chevrolet van owned by Brenda Harmon, the vehicle involved in the accident at issue in this lawsuit. Therefore, the policy does not provide coverage for plaintiffs’ claims.
We find no error in the trial court's finding that there remained no genuine issue of fact as to whether the van constituted a “replacement vehicle” for purposes of policy coverage by Aetna. Thus, we affirm the summary judgment in favor of Aetna Casualty and Surety Company. Costs of this appeal are to be assessed to plaintiffs-appellants, Richard Taylor, Jr. and Frederick Prejean, Jr.
AFFIRMED.

. A separate opinion will be rendered in the consolidated case of Prejean v. Harmon, 594 So.2d 991 (La.App. 3 Cir.1992) (Our docket number 90-764). These suits were consolidated prior to trial and remain so on appeal.

. Appearing individually and on behalf of his minor son.